955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Dion MCLEOD, Defendant-Appellant.
 No. 91-50309.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided Feb. 20, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The judgment of conviction is affirmed for the following reasons:
 
 
 3
 1. Use of the electronic tracking device in this case was a reasonable investigatory procedure. There is no showing of violation of McLeod's legitimate privacy interest and its use did not constitute a search or seizure within the meaning of the Fourth Amendment. United States v. Knotts, 460 U.S. 276, 285 (1983). The monitoring of the device as it moved about did not impair any privacy interest of McLeod because all the monitoring took place on public highways which are open to visual surveillance and are locations where a person "has no reasonable expectation of privacy in his movements." Knotts, 460 U.S. at 281. The tracking detected only the vehicle in which McLeod was hiding and no intrusive search of indiscriminate parties occurred.
 
 
 4
 The arresting officer executed a proper Terry stop after receiving a description from the bank that the robber had escaped in a red vehicle. The officer had ample specific and articulable facts justifying a reasonable suspicion that an occupant of the red Toyota may have committed a crime. These facts warranted a brief seizure or stop of the vehicle for further investigation. Terry v. Ohio, 392 U.S. 1, 21-22, 27 (1968); United States v. Hensley, 469 U.S. 221, 229-30 (1985); People of the Territory of Guam v. Ichiyasu, 838 F.2d 353, 355 (9th Cir.1988).
 
 
 5
 Further facts developed at the stop properly ripened reasonable suspicion into probable cause supporting an arrest. Ichiyasu, 838 F.2d at 357. Having received additional information that the robber was a male while only a female was visible in the vehicle, the officer properly asked that all occupants in the car get out. McLeod crawled out of a hiding place behind the driver's seat. The tracking device continued to indicate the money was in the vehicle. Thus, the facts and circumstances within the knowledge of the police warranted a reasonable belief that McLeod had committed a crime and there was probable cause supporting his arrest. Id. at 356; Michigan v. DeFillippo, 443 U.S. 31, 36-37 (1979); United States v. Fixen, 780 F.2d 1434, 1436 (9th Cir.1986). The district court, then, properly denied the motion to suppress evidence obtained from the stop and arrest of McLeod.
 
 
 6
 2. The district court properly admitted the evidence of the false mustache kit, the BB gun, and the listings of bank addresses. The evidence was relevant and tended to make more probable critical elements of the case. Fed.R.Evid. 401. The evidence helped establish McLeod's identity as the bank robber in the August 23 robbery, United States v. Pacheco, 912 F.2d 297, 303 (9th Cir.1990), United States v. Walters, 477 F.2d 386, 388-89 (9th Cir.), cert. denied, 414 U.S. 1007 (1973), and helped establish his preparation, intent, and planning regarding both bank robberies. Fed.R.Evid. 404(b); United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991). The district court did not abuse its discretion in admitting this evidence nor in its weighing of the probative value versus the danger of unfair prejudice to McLeod. Fed.R.Evid. 403; United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3